IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LIZ JENNY GUINN,

    Plaintiff,

v.                                                                            No. 16-cv-0689 SMV

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support [Doc. 31] ("Motion"), filed on January 5, 2018. The Commissioner responded on January 9, 2018. [Doc. 32]. Plaintiff replied on January 23, 2018, [Doc. 33], and filed an Erratum on January 24, 2018, [Doc. 34]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 9]. Plaintiff moves the Court for an award of $5,554.14 in attorney fees and an additional $400 in costs. [Doc. 31] at 1. Having reviewed the record, the briefing, and the relevant law, the Court finds that the Motion is well-taken and should be granted. Plaintiff will be awarded **$5,954.14**, representing $5,554.14 in attorney fees and an additional $400 in costs.[2]

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[2] The Commissioner does not object to a reimbursement of $400 in costs, payable from the Judgment Fund administered by the U.S. Department of the Treasury. [Doc. 32] at 1 n.1.

**Background**

Plaintiff's claim for period of disability and disability insurance benefits was denied by Defendant, and she timely filed suit in this Court. The Court found that the Administrative Law Judge ("ALJ") had impermissibly failed to explain why she rejected a portion of Dr. Cherry's opinion. [Doc. 29] at 5–6.

Dr. Cherry had offered a non-examining opinion that Plaintiff had moderate limitations in the ability to (1) "complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," and (2) "interact appropriately with the general public." Tr. 373. The ALJ gave "great weight" to Dr. Cherry's opinion. Tr. 28. Nevertheless, the ALJ neither incorporated these limitations into the residual functional capacity ("RFC") assessment,[3] nor explained their omission. *See* Tr. 25–29. Accordingly, on October 10, 2017, the Court reversed the Commissioner's final decision, granted Plaintiff's motion, and remanded the case for further proceedings. [Doc. 29] at 10–11.

Plaintiff now requests an award of $5,554.14 in attorney fees under the Equal Access to Justice Act ("EAJA") and an additional $400 in costs. [Doc. 31] at 1. Defendant opposes any award of attorney fees because, she argues, her positions in the merits briefing were substantially justified. [Doc. 33] at 3–8.

---

[3] The ALJ's RFC in this case tracks, nearly verbatim, the mental demands of unskilled work. *Compare* Tr. 25 (RFC assessment), *with* POMS § DI 25020.010(A)(3) (describing the "mental demands of unskilled work").

## **Standard**

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust. Instead, they disagree about whether the Commissioner's position was substantially justified. [Docs. 31, 32, 33].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case. 28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is,

her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

<u>Defendant was not substantially justified in arguing that the ALJ
was permitted to rely on the Section III findings and ignore the Section I findings.</u>

Defendant argues that her positions in the merits briefing were substantially justified. She defended the ALJ's evaluation of Dr. Cherry's opinion on the ground that "the ALJ was not required to include the various limitations set forth in Section I of the worksheet because the ALJ relied on [Dr. Cherry]'s ultimate opinion set forth in the Section III narrative section of the form." [Doc. 32] at 4. She argues that the agency's Program Operations Manual Systems ("POMS") and circuit case law support her argument. *Id.* Defendant's characterization of these authorities is not substantially justified.

That an ALJ may rely on the Section III findings and ignore the Section I findings is at odds with the plain language of the relevant authorities. *Silva v. Colvin*, 203 F. Supp. 3d

4

1153, 1159–61 (D.N.M. 2016). In the merits briefing, Defendant quoted from the POMS, which explains that Section I is "merely a worksheet" and "does not constitute the RFC assessment." [Doc. 24] at 13 (quoting POMS DI § 24510.060) (emphases omitted). The implication is that this distinction has some bearing on how the ALJ weighs the opinion. It does not.

"The POMS' distinction between Section I and Section III is aimed at the doctor who completes the . . . form; *it is not material to how the ALJ weighs the nonexamining opinion.*" *Silva*, 203 F. Supp. 3d at 1159 (emphasis added). To the contrary, the POMS explicitly and repeatedly requires the ALJ to consider nonexamining opinions in their entirety. *Silva*, 203 F. Supp. 3d at 1160–61 (surveying and discussing the authorities and citing, *e.g.*, POMS § DI 24515.007(1)(b) ("All evidence from nonexamining sources is opinion evidence.")).

Like the POMS, the regulations also belie Defendant's position. *Id.* at 1161–62 (citing 20 C.F.R. §§ 404.1527(e)(2)(i), 404.1512(b)(1)(viii)). The regulations require the ALJ to consider the doctor's opinion in its entirety. There is no exception for the Section I findings. In line with the POMS and the regulations, the case law also requires the ALJ to consider a doctor's opinion in its entirety. *E.g., Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007).

Defendant's citations to *Smith*, *Lee*, *Carver*, and *Sullivan*, [Doc. 32] at 4–5, do not persuade the Court that she was substantially justified in arguing that the ALJ was permitted to consider only the Section III findings and ignore the Section I findings. The first three cases, *Smith*, *Lee*, and *Carver*, do not support Defendant's position. They are distinguishable in an

5

important way. In all three cases, the Tenth Circuit Court of Appeals found that the Section I limitations *had been adequately accounted for*—either in Section III of the doctor's report or in the ALJ's RFC assessment. *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016) ("[The ALJ] did not repeat the moderate limitations assessed by the doctor. But [the ALJ] *incorporated these limitations* by stating how the claimant was limited in the ability to perform work-related activities."); *Lee v. Colvin*, F. App'x 538, 541 (10th Cir. 2015) (finding that the POMS' distinction between the purposes of Section I and Section III "does not mean, of course, that the ALJ should turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III.") (emphases omitted); *Carver v. Colvin*, 600 F. App'x 616, 618–19 (10th Cir. 2015) (acknowledging the POMS' distinction between Section I and Section III, but holding that an ALJ may not "turn a blind eye to moderate Section I limitations," and ultimately finding that the Section I limitations at issue *were accounted for* in the Section III findings).[4] None of these cases stands for the proposition that an ALJ may ignore Section I findings. Such argument is not substantially justified.

---

[4] *See also Nelson v. Colvin*, 655 F. App'x 626, 628–29 (10th Cir. 2016) (referring to the doctor's Section I findings versus his Section III findings, but ultimately deciding that the ALJ's RFC accounted for all of the Section I findings (as opposed to finding that the ALJ was free to disregard the Section I findings entirely)); *Fulton v. Colvin*, 631 F. App'x 498, 502 (10th Cir. 2015) ("Where a psychologist's Section III narrative does not contradict any Section I limitations and describes the effect each Section I limitation would have on the claimant's mental RFC, the ALJ may properly look to only the Section III narrative as the psychologist's opinion regarding mental RFC. The ALJ did so here . . . . And we do not see any contradiction between Sections I and III of Dr. Kendall's [report] or any failure to describe in Section III the effects of any Section I limitations on [the plaintiff]'s capacity for work.") (internal citations omitted); *Jaramillo v. Colvin*, 576 F. App'x 870, 874 (10th Cir. 2014) (acknowledging the POMS' distinction between Section I and Section III, analyzing whether the ALJ's RFC "adequately account[ed]" for the Section I findings, and ultimately finding that the Section I limitations at issue were accounted for in the ALJ's RFC).

Defendant also cites to *Sullivan*, which if read in a vacuum, could be misinterpreted as permitting ALJs to ignore Section I findings. *See Sullivan v. Colvin*, 519 F. App'x 985, 989 (10th Cir. 2013). However, *Sullivan* is unpublished and, thus, has no precedential value, especially considering the POMS, regulations, and published case law on the issue. Therefore, Defendant was not substantially justified in arguing that the ALJ in this case was permitted to ignore Section I of Dr. Cherry's report.

<u>Defendant fails to show that she was substantially justified in arguing that
the Section I limitations were accounted for in the RFC's limitation to unskilled work.</u>

In the merits briefing in this case, Defendant argued that the "ALJ's [RFC] limitations adequately account[ed] for the moderate—not marked—limitations set forth in [Section I] of Dr. Cherry's opinion [because] simple unskilled work . . . involves *working with things rather than data or people* and *does not require extensive concentration*." [Doc. 24] at 14 (emphases added). The Court found this argument to be unpersuasive because it failed to address the limitations at issue. [Doc. 29] at 10.

Two of the disputed moderate limitations in this case were in the ability to (1) "complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," and (2) "interact appropriately with the general public." [Doc. 29] at 6 (quoting Tr. 373). The RFC limited Plaintiff to light, unskilled work. *Id.* at 4–5 (citing Tr. 25). Therefore, Defendant needed to show that unskilled work accounted for these disputed limitations. In arguing as much, Defendant pointed out that unskilled work involves "working with things rather than data

7

or people and does not require extensive concentration." [Doc. 24] at 14–15 (citing 20 C.F.R. pt. 404, subpt. P., App. 2, § 201.00(i), 202.00(g) (stating the primary work functions in the bulk of unskilled work relate to working with things rather than with data or people); POMS DI § 25020.010 (B)(3), 2001 WL 1933437 (the capacity to perform unskilled work includes the ability to maintain attention for extended periods of two-hour segments (concentration is not critical)). Defendant did not further develop this argument. This is the extent of her argument that the RFC in this case accounted for Dr. Cherry's limitations. *See id.*

The Court found that Defendant's argument was not persuasive. Although Defendant showed that unskilled work involves "working with things rather than data or people and does not require extensive concentration," that was not on point. Defendant failed to provide authority to support her argument that Dr. Cherry's limitations were accounted for by unskilled work.

Now, Defendant argues that she was substantially justified in the merits briefing, but she does not explain how. She simply asserts that she was substantially justified and cites to *Trujillo v. Berryhill*,[5] for the proposition that "a moderate limitation in the ability to complete a normal workday or workweek without interruption from psychologically based symptoms can be incorporated into a residual functional capacity assessment by limiting a claimant to simple, repetitive, and routine tasks with limited contact with the public[.]" [Doc. 32] at 6 (citing *Trujillo*, No. 16-cv-851 GBW, 2017 WL 2799981, at *9 (D.N.M. June 23, 2017)

---

[5] Defendant also cites to *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988) and *Evans v. Sullivan*, 928 F.2d 109, 110 (4th Cir. 1991) ("It would be at war with life's realities to reason that the position of every loser in a lawsuit upon final conclusion was unjustified."). [Doc. 32] at 6–7. These citations, however, are provided to reiterate the standard for substantial justification. They do not address what limitations are encompassed by unskilled work.

(unpublished)). *Trujillo* is not availing here because Defendant simply did not make this argument in the merits briefing. *See* [Doc. 24]. Asserting the argument now, for the first time, cannot show that she was substantially justified in the merits briefing. Accordingly, Defendant fails to show that she was substantially justified in arguing that the Section I limitations were accounted for in the RFC's limitation to unskilled work.

## Conclusion

Defendant fails to show that she was substantially justified in defending the ALJ's unexplained rejection of Dr. Cherry's assessed limitations. Accordingly, Plaintiff's motion will be granted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 31] is **GRANTED**, and Plaintiff Liz Jenny Guinn is authorized to receive **$5,954.14**, representing $5,554.14 in attorney fees for payment to her attorney for services before this Court as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007), and an additional $400 in costs.

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made

under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

    **IT IS SO ORDERED.**

                                                      **STEPHAN M. VIDMAR**
                                                      **United States Magistrate Judge**
                                                      **Presiding by Consent**